**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| CITY OF CHARLESTON,<br><br>         Plaintiff,<br><br>         v.<br><br>BRABHAM OIL COMPANY, INC.; COLONIAL GROUP, INC.; ENMARK STATIONS, INC.; COLONIAL PIPELINE COMPANY; PIEDMONT PETROLEUM CORP.; EXXON MOBIL CORPORATION; EXXONMOBIL OIL CORPORATION; ROYAL DUTCH SHELL PLC; SHELL OIL COMPANY; SHELL OIL PRODUCTS COMPANY LLC; CHEVRON CORPORATION; CHEVRON U.S.A. INC.; BP P.L.C.; BP AMERICA INC.; MARATHON PETROLEUM CORPORATION; MARATHON PETROLEUM COMPANY LP; SPEEDWAY LLC; MURPHY OIL CORPORATION; MURPHY OIL USA, INC.; HESS CORPORATION; CONOCOPHILLIPS; CONOCOPHILLIPS COMPANY; PHILLIPS 66; AND PHILLIPS 66 COMPANY,<br><br>         Defendants. | Civil Action No. 2:20-cv-03579-BHH |

**MOTION TO STAY PROCEEDINGS**

# I.    INTRODUCTION AND BACKGROUND[1]

Plaintiff, the City of Charleston, filed this action against a select group of out-of-state energy companies (in addition to two South Carolina companies) in the South Carolina Court of Common Pleas seeking to use state law to impose liability for past and future harms allegedly attributable to global climate change.  Defendants removed the case to this Court on eight independent grounds. *See* Dkt. 1.  Although Plaintiff has filed a motion to remand, *see* Dkt. 56, Defendants respectfully submit that any further briefing or action on this motion should be stayed at least until the Supreme Court has issued a decision in another climate change related action from this Circuit:  *BP p.l.c. v. Mayor & City Council of Baltimore*, No. 19-1189 (U.S.).

The *Baltimore* action is like this one in many respects, and it could provide the opportunity for the Supreme Court or the Fourth Circuit to decide whether federal jurisdiction lies over claims alleging harms from global climate change, like those asserted here.  In *Baltimore*, the Mayor and City Council of Baltimore—represented by the same private law firm as Plaintiff here—sued 26 energy companies under Maryland state law alleging that the defendants' products "are directly responsible for . . . approximately 15 percent of total emissions of" $CO_2$ between 1965 and 2015, and that they are therefore liable for harms such as "rising atmospheric and ocean temperatures, ocean acidification, melting polar ice caps and glaciers, more extreme and volatile weather, and sea level rise."  *Mayor & City Council of Baltimore v. BP p.l.c.*, No. 1:18-cv-2357 (D. Md.), Dkt. 42 ¶¶ 1, 7.  Plaintiff here makes identical allegations in its Complaint.  Dkt. 1-2 ¶¶ 2, 7.  Defendants,

---

[1]    This motion is submitted subject to and without waiver of any defense, affirmative defense, or objection, including personal jurisdiction, insufficient process, or insufficient service of process. Additionally, pursuant to Local Civ. Rules 7.04 and 7.05, a full explanation is contained in the motion such that a separate supporting memorandum would serve no useful purpose.

many, but not all of which, are also defendants here, removed *Baltimore* on grounds for federal jurisdiction nearly identical to those asserted in this action.

The district court granted the plaintiff's motion to remand the *Baltimore* action, and the Fourth Circuit affirmed. In affirming, however, the Fourth Circuit considered only *one* of the defendants' grounds for removal—removal under the federal officer removal statute. It did not consider the other seven grounds for removal, which are similar to those asserted here (although Defendants have provided additional factual support for removal in this case that was not presented in *Baltimore*). The Fourth Circuit found that 28 U.S.C. § 1447(d) precludes review of remand orders "except that an order remanding a case" that "was removed pursuant to section 1442 [federal officer removal] or 1443 [civil rights] of this title shall be reviewable." *Mayor & City Council of Baltimore v. BP p.l.c.*, 952 F.3d 452, 459 (4th Cir. 2020). The Fourth Circuit then reasoned (incorrectly) that 28 U.S.C. § 1447(d) limited its appellate jurisdiction to these specified "ground[s] alone; it does not extend to the seven other grounds for removal raised by Defendants, even though the district court rejected them in the same remand order." *Id.*

On October 2, 2020, the Supreme Court granted certiorari to consider whether the Fourth Circuit was correct that it lacked appellate jurisdiction to consider any of the other removal grounds. Petitioners' opening brief is due on November 16, 2020, and the case is likely to be argued in early 2021.

Staying remand briefing pending the Supreme Court's decision in *Baltimore* will promote judicial efficiency by avoiding duplicative and unnecessary litigation in this Court. If the Supreme Court agrees with petitioners that the court of appeals had jurisdiction to review the entire remand order, it has the option either to proceed to address the question whether federal jurisdiction exists on other grounds and reverse the judgment below, or to vacate the judgment and direct the court of

appeals to address those other grounds in the first instance.  If the Supreme Court concludes that federal jurisdiction exists, there will be no need for the parties to brief (and this Court to decide) that issue here.  In particular, petitioners intend to argue, and the Supreme Court could conclude, that global climate change claims arise under federal law for purposes of federal-question jurisdiction and are thus removable under 28 U.S.C. § 1331.  If the Supreme Court instead vacates the judgment below and directs the Fourth Circuit to consider the additional grounds for removal in the first instance, the Fourth Circuit's decision on remand could resolve or shed light on the removal issues presented in this case (although, as noted above, this case also involves additional factual support for removal).  For example, if the Fourth Circuit determines removal was proper under any one of the seven grounds it did not initially consider, there is no doubt that removal was also proper in this case, a conclusion that would obviate any need for the parties to brief (or the Court to rule) on removal and remand issues.  And, even if *Baltimore* does not completely resolve the question of federal jurisdiction here, it will likely narrow and focus the issues before this Court.

It makes little sense for the parties to brief the issues of remand and removal now—before the Supreme Court and potentially the Fourth Circuit address the same issues.  At best, the parties would need to file supplemental briefs in this Court to address the Supreme Court and Fourth Circuit decisions, and at worst, this action might be erroneously remanded to state court in violation of Defendants' entitlement to a federal forum.  Moreover, because the Supreme Court's decision will likely be issued by June 2021, Plaintiff cannot plausibly claim any meaningful harm from such a brief stay, whereas a premature and potentially erroneous remand would substantially prejudice Defendants.[2]

---

[2]  Prior to filing this motion, Defendants conferred with Plaintiff's counsel in good faith, but the parties were unable to resolve the propriety of a stay.  *See* L. Civ. R. 7.02.

3

## II.    LEGAL STANDARD

District courts have the inherent power to stay proceedings pending before them. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). "Traditionally, a court may consider the following factors when deciding whether to stay legal proceedings: '(1) the potential prejudice to the non-moving party; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the case is in fact stayed.'" *Brown-Thomas v. Hynie*, 2019 WL 1043724, at *3 (D.S.C. Mar. 5, 2019) (citations omitted); *see also Int'l Refugee Assistance Project v. Trump*, 323 F. Supp. 3d 726, 731 (D. Md. 2018) ("When considering a discretionary motion to stay, courts typically examine three factors: (1) the impact on the orderly course of justice, sometimes referred to as judicial economy, measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected from a stay; (2) the hardship to the moving party if the case is not stayed; and (3) the potential damage or prejudice to the non-moving party if a stay is granted."). A district court "has broad discretion to grant or deny a motion to stay." *Gibbs v. Plain Green, LLC*, 331 F. Supp. 3d 518, 529 (E.D. Va. 2018) (citing *Landis*, 299 U.S. at 248). "In exercising its authority to grant a stay, a court is given wide discretion to 'weigh competing interests and maintain an even balance.'" *Sunbeam Prods., Inc. v. Hamilton Beach Brands, Inc.*, 2010 WL 1946262, at *2 (E.D. Va. May 10, 2010) (quoting *Landis*, 299 U.S. at 255).

## III.    ARGUMENT

### A.    A Brief Stay Will Preserve Judicial Resources And Promote Judicial Economy.

"When assessing judicial resources, a court should determine whether a stay would avoid the 'needless duplication of work and the possibility of inconsistent rulings.'" *Commonwealth of Virginia ex rel. Integra Rec LLC v. Countrywide Securities Corp.*, 2015 WL 222312, at *4 (E.D. Va. Jan. 14, 2015) (citation omitted). Here, the answer is indisputably "yes."

4

The Complaint in *Baltimore* is similar in many respects to the one here, and the grounds for removal are almost identical (although Defendants have provided additional factual support for removal in this case that was not presented in *Baltimore*). *Compare* Dkt. 1 *with Mayor & City Council of Baltimore*, No. 18-cv-2357. As a result, the Supreme Court's decision in *Baltimore* could be dispositive—for example, if the Supreme Court agrees with petitioners' argument that the plaintiff's claims necessarily arise under federal law. Such a ruling would completely obviate the need for the parties to brief remand and removal here, and for this Court to decide these issues.

Even if *Baltimore* does not fully resolve this Court's jurisdiction, the substantial overlap in legal issues provides sufficient grounds for a stay. *See United States v. McClelland*, 2020 WL 901821, at *2 (W.D.N.C. Feb. 25, 2020) (ordering a stay to "conserv[e] the Court's resources" because of the "substantial overlap between the legal issues present here and those that the Fourth Circuit may itself soon decide"); *Stone v. Trump*, 356 F. Supp. 3d 505, 518 (D. Md. 2018) (finding a "stay would promote judicial economy" due to the "significant overlap" between the issues presented below and on appeal). Among other things, the Supreme Court's resolution of *Baltimore* could narrow the issues before this Court and guide both the parties and the Court in deciding the threshold question of federal jurisdiction. Put simply, the *Baltimore* action "will guide the future of this litigation before this Court, narrow the issues, or potentially terminate this case." *Wilt v. Household Life Ins. Co.*, 2015 WL 5501751, at *2 (S.D. W.Va. Sept. 16, 2015). Indeed, if the Supreme Court were to overturn the Fourth Circuit's refusal to address the other grounds for removal and direct the court of appeals to resolve those issues, the Fourth Circuit's decision on remand could affirm the propriety of removal on other grounds, or at least provide additional guidance regarding the legal standards applicable to the removal grounds at issue here.

**B.    Plaintiff Will Not Be Prejudiced By A Short Stay.**

In considering prejudice to the non-moving party, "courts have evaluated the progress of the case, the presence of pending motions, [and] the length of delay proposed." *Virginia ex rel. Integra Rec*, 2015 WL 222312, at *4.  These considerations weigh decisively in favor of a stay here.

This case is still in its very early stages.  Plaintiff filed this action on September 9, 2020, *see* Dkt. 1-2, and Defendants removed it a month later, on October 9, 2020, *see* Dkt. 1.  The parties have not yet commenced discovery or filed dispositive motions; in fact, Defendants have not even filed answers.  Where a case "is still in the very early stages of litigation, there is little prejudice to either side if the Court stays the case." *American Tech. Servs., Inc. v. Universal Travel Plan, Inc.*, 2005 WL 2218437, at *3 (E.D. Va. Aug. 8, 2005).  On the contrary, "preventing further, and potentially futile, expenditures of time and resources by the parties and the Court weighs *in favor* of granting [a stay] at this stage of the litigation." *NAS Nalle Automation Sys., LLC v. DJS Sys., Inc.*, 2011 WL 13141594, at *1 (D.S.C. Nov. 23, 2011) (emphasis added).  It is therefore no surprise that courts routinely grant stays at such an early juncture. *See, e.g.*, *Michelin Retirement Plan v. Dilworth Paxson, LLP*, 2017 WL 2531845, at *5 (D.S.C. June 12, 2017) ("[A] stay will not cause unreasonable hardship to the remaining parties because this case is in the early stages and discovery has not yet commenced."); *Exopack-Tech., LLC v. Graphic Packaging Holding Co.*, 2012 WL 13008353, at *1 (D.S.C. Feb. 29, 2012) ("Here, the litigation is in its early stages.  Graphic has yet to file an answer, no discovery has taken place, and the court has not yet . . . set a trial date."); *Virginia ex rel. Integra Rec*, 2015 WL 222312, at *5 ("[T]he Commonwealth can claim little prejudice" where the action has "only just commenced[,] [n]o answers have been filed, no discovery has begun, and no trial date has been set.").

At the same time, the length of the requested stay will be for a definite—and short—period of time.  Petitioner's brief is due in the Supreme Court on November 16, 2020, and briefing will

conclude no later than mid-January 2021. *See* S. Ct. Rule 25(1)–(3). The case is likely to be argued in early 2021 and decided by June 2021. Under these circumstances, a brief stay is appropriate and warranted. As another court in this Circuit explained in granting a stay: "[T]he Supreme Court's decision is anticipated by June or July of this year. In short, it is prudent to put this litigation on hold for a few months in order to benefit from any pertinent wisdom the Supreme Court may offer regarding the plaintiff's standing here." *Mey v. Got Warranty, Inc.*, 2016 WL 1122092, at *3 (N.D. W.Va. Mar. 22, 2016); *see also Divine Fish House, Inc. v. BP, P.L.C.*, 2010 WL 2802505, at *2 (D.S.C. July 14, 2010) ("A delay of a few months . . . is, nonetheless, slight when compared to the hardship to the defendants and the interests of judicial economy."); *Litchfield Co., LLC v. BP, P.L.C.*, 2010 WL 2802498, at *2 (D.S.C. July 14, 2010) ("The Court finds that the prejudice to the plaintiff caused by a delay of months is outweighed by the hardship to the defendants and the interests of judicial economy.").

In short, a brief stay will not injure Plaintiff, but will instead preserve the parties' resources and promote judicial economy and the public interest by avoiding simultaneous litigation on closely related issues in the district and appellate courts.

## C.    Defendants Face Serious Hardship In The Absence Of A Stay.

In contrast, Defendants face substantial hardship if proceedings in this case move forward without the benefit of the Supreme Court's decision in *Baltimore*. As an initial matter, Defendants will be required to litigate remand issues in this Court without the aid of guidance from the Supreme Court and the Fourth Circuit—an exercise that may be entirely unnecessary if either court concludes that there is federal jurisdiction over actions alleging harms from global climate change. Moreover, if this Court grants Plaintiff's motion to remand, proceedings in South Carolina state court could immediately resume. *See* 28 U.S.C. § 1447(c) ("A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with

such case.").  As a result, absent a stay, the parties may be forced to proceed simultaneously along at least two tracks: (1) an appeal to the Fourth Circuit of the remand order and (2) proceedings in state court.

This poses a particularly profound risk to Defendants because, if jurisdiction is ultimately resolved on appeal in favor of federal jurisdiction, Defendants will have been denied their right to a federal forum for what could be a considerable period of time.  During this time, the parties will likely have undergone meaningful litigation in state court—including substantive motions practice and possibly even discovery—which this Court would then have to untangle.  Courts routinely find irreparable harm where, as here, there is a substantial "risk of [the] inefficient use of the parties' time and resources," *Pagliara v. Federal Home Loan Mortgage Corp.*, 2016 WL 2343921, at *3 (E.D. Va. May 4, 2016), and where the parties may incur "wasteful, unrecoverable, and possibly duplicative costs," *Ewing Indus. Co. v. Bob Wines Nursery, Inc.*, 2015 WL 12979096, at *3 (M.D. Fla. Feb. 5, 2015).  Finally, on top of the harm to the parties, failing to stay further proceedings risks harm to the judicial process more generally—including the risk of inconsistent rulings if this Court enters a remand order that ultimately proves irreconcilable with the disposition in *Baltimore*.

## IV.    CONCLUSION

For the foregoing reasons, the Court should stay further proceedings in this case at least until the Supreme Court issues its decision in *Baltimore*.

*(Signature on following page)*

Respectfully submitted,

Dated: November 13, 2020

By: /s/ Joel H. Smith

**HOOD LAW FIRM, LLC**
Molly H. Craig (6671)
Robert H. Hood, Jr. (6998)
Virginia R. Floyd (12212)
172 Meeting Street
Post Office Box 1508
Charleston, SC 29402
Phone: (843) 577-4435
Facsimile: (843) 722-1630
molly.craig@hoodlaw.com
bobbyjr.hood@hoodlaw.com
virginia.floyd@hoodlaw.com

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Theodore V. Wells, Jr., *pro hac vice*
Daniel J. Toal, *pro hac vice*
Yahonnes Cleary, *pro hac vice*
Caitlin E. Grusauskas, *pro hac vice*
1285 Avenue of the Americas
New York, NY 10019-6064
Tel.:  (212) 373-3000
Fax:  (212) 757-3990
twells@paulweiss.com
dtoal@paulweiss.com
ycleary@paulweiss.com
cgrusauskas@paulweiss.com

*Counsel for Defendants*
*Exxon Mobil Corporation and ExxonMobil Oil Corporation*

**DUFFY & YOUNG, LLC**
Brian C. Duffy, Esq. (Fed. ID # 9491)
Arden Lowndes, Esq. (Fed. ID #12877)
96 Broad Street
Charleston, SC 29401
bduffy@duffyandyoung.com
alowndes@duffyandyoung.com

**BOWMAN AND BROOKE LLP**
Joel H. Smith
Joel.Smith@bowmanandbrooke.com
1441 Main Street, Suite 1200
Columbia, SC 29201
Telephone: 803.726.7422
Facsimile: 803/726.7421

**GIBSON, DUNN & CRUTCHER LLP**
Theodore J. Boutrous, Jr., *pro hac vice forthcoming*
William E. Thomson, *pro hac vice forthcoming*
tboutrous@gibsondunn.com
wthomson@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: 213.229.7000
Facsimile: 213.229.7520

Andrea E. Neuman, *pro hac vice forthcoming*
aneuman@gibsondunn.com
200 Park Avenue
New York, NY 10166
Telephone: 212.351.4000
Facsimile: 212.351.4035

Thomas G. Hungar, *pro hac vice forthcoming*
thungar@gibsondunn.com
1050 Connecticut Avenue, N.W.,
Washington, DC 20036
Telephone: 202.955.8500
Facsimile: 202.467.0539

Joshua D. Dick, *pro hac vice forthcoming*
jdick@gibsondunn.com
555 Mission Street
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

*Attorneys for Defendants*

9

*Attorneys for Defendant Piedmont
Petroleum Corp.*

**SHOOK, HARDY & BACON L.L.P.**
Tristan L. Duncan (*pro hac vice*)
Daniel B. Rogers (*pro hac vice*)
William F. Northrip (*pro hac vice*
forthcoming)
Caroline M. Gieser (SC Fed. ID No.
12627; SC Bar No. 102718)
2555 Grand Blvd.
Kansas City, MO 64108
Phone:  (816) 474-6550
Email:  tlduncan@shb.com
Email:  drogers@shb.com
Email:  wnorthrip@shb.com
Email:  cgieser@shb.com

*Attorneys for Defendant
Murphy Oil USA, Inc.*

**NELSON MULLINS RILEY &
SCARBOROUGH LLP**
Merritt G. Abney
151 Meeting Street, Suite 600
Charleston, SC 29401
Tel: (843) 534-4110
Fax: (843) 722-8700
merritt.abney@nelsonmullins.com

Amber M. Hendrick
1320 Main Street, 17th Floor
Columbia, SC 29201
Tel: (803) 255-9582
Fax: (803) 256-7500
amber.hendrick@nelsonmullins.com

**ARNOLD & PORTER KAYE
SCHOLER LLP**
Nancy G. Milburn (*pro hac vice
forthcoming*)
Diana E. Reiter (*pro hac vice forthcoming*)
250 West 55th Street
New York, NY 10019-9710
Tel: (212) 836-8383
Fax: (212) 836-8689

*Chevron Corp. and Chevron U.S.A. Inc.*

**SMITH ROBINSON**
G. Murrell Smith, Jr.
murrell@smithrobinsonlaw.com
126 N. Main Street
Sumter, SC 29151
Tel: (803) 778-2471
Fax: (803) 778-1643

**HUNTON ANDREWS KURTH LLP**
Shannon S. Broome (*pro hac vice*)
Ann Marie Mortimer (*pro hac vice*)
SBroome@HuntonAK.com
AMortimer@HuntonAK.com
Hunton Andrews Kurth LLP
50 California Street
San Francisco, CA 94111
Tel: (415) 975-3718
Fax: (415) 975-3701

Shawn Patrick Regan (*pro hac vice*)
SRegan@HuntonAK.com
Hunton Andrews Kurth LLP
200 Park Avenue
New York, NY 10166
Tel: (212) 309-1046
Fax: (212) 309-1100

*Attorneys for Defendants Marathon Petroleum
Corporation, Marathon Petroleum Company
LP, and Speedway LLC*

**BAKER BOTTS L.L.P.**
J. Scott Janoe (*pro hac vice*)
910 Louisiana Street, Suite 3200
Houston, Texas 77002-4995
Telephone: (713) 229-1553
Facsimile: (713) 229-7953
Email: scott.janoe@bakerbotts.com

Megan Berge (*pro hac vice*)
700 K Street, N.W.
Washington, D.C. 20001-5692
Telephone: (202) 639-1308
Facsimile: (202) 639-1171

nancy.milburn@arnoldporter.com
diana.reiter@arnoldporter.com

Matthew T. Heartney (*pro hac vice forthcoming*)
John D. Lombardo (*pro hac vice forthcoming*)
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
Tel: (213) 243-4120
Fax: (213) 243-4199
matthew.heartney@arnoldporter.com
john.lombardo@arnoldporter.com

Jonathan W. Hughes (*pro hac vice forthcoming*)
3 Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
Tel: (415) 471-3156
Fax: (415) 471-3400
jonathan.hughes@arnoldporter.com

*Attorneys for Defendants*
*BP PLC and BP AMERICA INC.*

**WYCHE, P.A.**
Alice W. Parham Casey (D.S.C. Id No. 9431)
807 Gervais Street, Suite 301
Columbia, SC 29201
Telephone: 803-254-6542
Facsimile: 803-254-6544
tcasey@wyche.com

Meliah Bowers Jefferson (D.S.C. Id No. 10018)
Rachael L. Anna (D.S.C. Id No. 12591)
200 East Camperdown Way
Greenville, SC 29601
Telephone: 864-242-8200
Facsimile:  864-235-8900
mjefferson@wyche.com
ranna@wyche.com

**BARTLIT BECK LLP**
Jameson R. Jones (*pro hac vice*)

Email: megan.berge@bakerbotts.com

**PARKER POE ADAMS & BERNSTEIN LLP**
Robert Jordan
200 Meeting Street, Suite 301
Charleston, SC 29401-3156
Telephone: (843) 727-2670
Facsimile: (843) 727-2680
Email: robertjordan@parkerpoe.com

*Attorneys for Defendant HESS CORP.*

**BAKER BOTTS L.L.P.**
J. Scott Janoe (*pro hac vice forthcoming*)
910 Louisiana Street, Suite 3200
Houston, Texas 77002-4995
Telephone: (713) 229-1553
Facsimile: (713) 229-7953
Email: scott.janoe@bakerbotts.com

Megan Berge (*pro hac vice forthcoming*)
700 K Street, N.W.
Washington, D.C. 20001-5692
Telephone: (202) 639-1308
Facsimile: (202) 639-1171
Email: megan.berge@bakerbotts.com

**PARKER POE ADAMS & BERNSTEIN LLP**
Robert Jordan
200 Meeting Street, Suite 301
Charleston, SC 29401-3156
Telephone: (843) 727-2670
Facsimile: (843) 727-2680
Email: robertjordan@parkerpoe.com

*Attorneys for Defendant MURPHY OIL CORPORATION*

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
William A. Burck*
1300 I Street NW, Suite 900
Washington, D.C. 20005
(202) 538-8000

Daniel R. Brody (*pro hac vice*)
1801 Wewatta Street, Suite 1200
Denver, CO 80202
Telephone: 303-592-3100
Facsimile: 303-592-3140
jameson.jones@bartlit-beck.com
dan.brody@bartlit-beck.com

*Attorneys for Defendants ConocoPhillips
and ConocoPhillips Company*

**WYCHE, P.A.**
Alice W. Parham Casey (D.S.C. Id No.
9431)
807 Gervais Street, Suite 301
Columbia, SC 29201
Telephone: 803-254-6542
Facsimile: 803-254-6544
tcasey@wyche.com

Meliah Bowers Jefferson (D.S.C. Id No.
10018)
Rachael L. Anna (D.S.C. Id No. 12591)
200 East Camperdown Way
Greenville, SC 29601
Telephone: 864-242-8200
Facsimile: 864-235-8900
mjefferson@wyche.com
ranna@wyche.com

*Attorneys for Defendants Phillips 66 and
Phillips 66 Company*

**ROBINSON GRAY STEPP &
LAFFITTE, LLC**
J. Calhoun Watson
Fed. I.D. No.: 4794
cwatson@robinsongray.com
1310 Gadsden Street
Post Office Box 11449
Columbia, South Carolina 29211
Telephone (803) 929-1400

*Attorneys for Defendant Brabham Oil
Company, Inc.*

williamburck@quinnemanuel.com

Stephen A. Swedlow*
191 North Wacker Drive, Suite 2700
Chicago, IL 60606
(312) 705-7400
stephenswedlow@quinnemanuel.com
**Pro hac vice* forthcoming

*Attorneys for Defendant Colonial Pipeline
Company*

**K&L GATES LLP**
Jennifer H. Thiem (Fed. ID No. 9797)
Email: jennifer.thiem@klgates.com
134 Meeting Street, Suite 500
Charleston, SC 29401
Phone: (843) 579-5638
Fax: (843) 579-5601

**KELLOGG, HANSEN, TODD, FIGEL &
FREDERICK, P.L.L.C.**
David C. Frederick (*pro hac vice forthcoming*)
Brendan J. Crimmins (*pro hac vice
forthcoming*)
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Phone: (202) 326-7900
dfrederick@kellogghansen.com
bcrimmins@kellogghansen.com

*Attorneys for Defendants Royal Dutch Shell
plc, Shell Oil Company, and Shell Oil
Products Company LLC*

**GALLIVAN, WHITE & BOYD, P.A.**
John T. Lay, Jr. (Fed. Bar No. 5539)
Lindsay A. Joyner (Fed. Bar No. 11557)
1201 Main Street, Suite 1200
Post Office Box 7368
Columbia, South Carolina 29202
(803) 779-1833
(803) 779-1767 (f)
jlay@gwblawfirm.com
ljoyner@GWBlawfirm.com

12

*Attorneys for Colonial Group, Inc. and Enmark Stations, Inc.*