**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| CITY OF CHARLESTON,<br><br>        Plaintiff,<br><br>        v.<br><br>BRABHAM OIL COMPANY, INC.;<br>COLONIAL GROUP, INC.; ENMARK<br>STATIONS, INC.; COLONIAL<br>PIPELINE COMPANY; PIEDMONT<br>PETROLEUM CORP.; EXXON MOBIL<br>CORPORATION; EXXONMOBIL OIL<br>CORPORATION; ROYAL DUTCH<br>SHELL PLC; SHELL OIL COMPANY;<br>SHELL OIL PRODUCTS COMPANY<br>LLC; CHEVRON CORPORATION;<br>CHEVRON U.S.A. INC.; BP P.L.C.; BP<br>AMERICA INC.; MARATHON<br>PETROLEUM CORPORATION;<br>MARATHON PETROLEUM<br>COMPANY LP; SPEEDWAY LLC;<br>MURPHY OIL CORPORATION;<br>MURPHY OIL USA, INC.; HESS<br>CORPORATION; CONOCOPHILLIPS;<br>CONOCOPHILLIPS COMPANY;<br>PHILLIPS 66; AND PHILLIPS 66<br>COMPANY,<br>        Defendants. | C/A No. <u>**2:20-cv-03579-BHH**</u> |

<u>**PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO STAY PROCEEDINGS**</u>

# TABLE OF CONTENTS

I.     **INTRODUCTION** ........................................................................................................... 1

II.    **BACKGROUND** ............................................................................................................ 2

      A.    The City of Charleston's Case ............................................................................... 2

      B.    The Mayor and City Council of Baltimore's Case ............................................... 3

III.   **LEGAL STANDARD** .................................................................................................... 4

IV.   **ARGUMENT** ................................................................................................................ 4

      A.    A Stay Would Not Promote Judicial Economy Since the Question Presented in *Baltimore* is Irrelevant Here. ............................................................................... 4

      B.    A Stay Would Substantially Prejudice the City. .................................................. 6

      C.    Defendants Will Not Suffer Any Hardship if this Matter Proceeds. .................... 8

V.     **CONCLUSION** .......................................................................................................... **10**

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Bd. of Cty. Comm'rs of Boulder Cty. v. Suncor Energy (U.S.A.) Inc.*,
 405 F. Supp. 3d 947 (D. Colo. 2019) ........................................................................... 5

*Bd. of Cty. Comm'rs of Boulder Cty. v. Suncor Energy (U.S.A.) Inc.*,
 965 F.3d 792 (10th Cir. 2020) ...................................................................................... 5

*BP P.L.C. v. Mayor & City Council of Baltimore*,
 140 S. Ct. 449 (2019) .................................................................................................... 3

*BP p.l.c. v. Mayor & City Council of Baltimore*,
 No. 19-1189, -- S. Ct. --, 2020 WL 5847132 (U.S. Oct. 2, 2020) ..................... *passim*

*Brown-Thomas v. Hynie*,
 No. 1:18-CV-02191-JMC, 2019 WL 1043724 (D.S.C. Mar. 5, 2019) ........................ 4

*City of Oakland v. BP PLC*,
 969 F.3d 895 (9th Cir. 2020) ..................................................................................... 5, 6

*Clinton v. Jones*,
 520 U.S. 681 (1997) ...................................................................................................... 4

*Cty. of San Mateo v. Chevron Corp.*,
 294 F. Supp. 3d 934 (N.D. Cal. 2018) .......................................................................... 5

*Cty. of San Mateo v. Chevron Corp.*,
 960 F.3d 586 (9th Cir. 2020) ........................................................................................ 6

*Divine Fish House, Inc. v. BP, P.L.C.*,
 No. 2:10-CV-01461, 2010 WL 2802505 (D.S.C. July 14, 2010) ............................... 7

*Ewing Industries Corp. v. Bob Wines Nursery, Inc.*,
 2015 WL 12979096 (M.D. Fla. Feb. 5, 2015) ......................................................... 9, 10

*Litchfield Co., LLC v. BP, P.L.C.*, No. 2:10-CV-01462,
 2010 WL 2802498 (D.S.C. July 14, 2010) ................................................................... 7

*Massachusetts v. Exxon Mobil Corp.*,
 462 F. Supp. 3d 31 (D. Mass. 2020) ............................................................................. 5

*Mayor & City Council of Baltimore v. BP P.L.C.*,
 388 F. Supp. 3d 538 (D. Md. 2019) .............................................................................. 3

*Mayor & City Council of Baltimore v. BP P.L.C.*,
 952 F.3d 452 (4th Cir. 2020) ........................................................................................ 3

*Mayor & City Council of Baltimore v. BP P.L.C.*,
 No. CV ELH-18-2357, 2019 WL 3464667 (D. Md. July 31, 2019) ......................... 3, 9

*Mey v. Got Warranty, Inc.*,
    No. 5:15-CV-101, 2016 WL 1122092 (N.D.W. Va. Mar. 22, 2016) .........................................7

*Pagliara v. Federal Home Loan Mortgage Corp.*,
    2016 WL 2343921 (E.D. Va. May 4, 2016).....................................................................9

*Rhode Island v. Chevron Corp.*,
    393 F. Supp. 3d 142 (D.R.I. 2019) ...............................................................................5

*Rhode Island v. Chevron Corp.*,
    979 F.3d 50 (1st Cir. 2020) ..........................................................................................5

*Williford v. Armstrong World Indus., Inc.*,
    715 F.2d 124 (4th Cir. 1983) ........................................................................................4

**Statutes**

28 U.S.C. § 1442 ..............................................................................................................4

28 U.S.C. § 1443 ..............................................................................................................5

28 U.S.C. § 1447 (d)......................................................................................................3, 4

The City of Charleston (the "City") respectfully submits this opposition to Defendants'[1] Motion to Stay ("Motion").

## I.    INTRODUCTION

Defendants improperly removed this matter to federal court based on grounds that have been consistently rejected by federal courts nationwide in substantially similar climate impact cases. Now, Defendants seek to stay proceedings indefinitely, including briefing on the City's motion to remand, pending the United States Supreme Court's decision on an issue that has no bearing on the City's motion. While that case, *BP p.l.c. v. Mayor & City Council of Baltimore*, No. 19-1189, -- S. Ct. --, 2020 WL 5847132 (U.S. Oct. 2, 2020) ("*Baltimore*"), involves similar claims regarding many of the instant Defendants' campaign to deceive the public about the deleterious impacts arising from the use of their fossil fuel products, the question before the Supreme Court is narrowly confined to the scope of appellate review of remand orders. Thus, the Supreme Court's decision will have no bearing on the City's motion to remand or the merits of the City's claims nor address any Fourth Circuit authority that binds this Court. A stay will unduly delay actual prosecution of the City's claims—a burden that falls solely on the City.

Accordingly, Defendants cannot satisfy their burden of establishing a need for a stay. Staying proceedings pending *Baltimore* will not promote judicial economy because the Supreme Court's decision in that case will shed no light on whether federal removal jurisdiction exists here. Defendants' arguments in favor of a stay rest on a series of hypotheticals about how the Supreme Court might resolve questions regarding the scope of appellate jurisdiction and whether the Fourth Circuit would then rule for Defendants on arguments that have already been rejected by a number

---

[1] All Defendants are listed in the caption, but in short the City's claims are against major corporate members of the fossil fuel industry.  *See* Dkt. No. 1, Ex. 1.

of courts. Moreover, a stay would result in substantial harm to the City and its residents. The City alleges that Defendants have known for decades about the direct link between fossil fuel use and climate change, yet engaged in a coordinated effort to conceal that knowledge from the public. The devastating consequences of defendants' actions continue to play out in real time. A stay would needlessly delay the resolution of a case of enormous importance to the City just to await a decision that can have no direct bearing on its outcome. On the other side of the scale, Defendants would suffer no significant hardship in proceeding with this litigation.

## II.    BACKGROUND

### A.    The City of Charleston's Case

The City filed this lawsuit on September 9, 2020. Dkt. No. 1 Ex. 1 ("Compl."). The City asserts Defendants knew of the precise and catastrophic risks of their fossil fuel products for decades and not only failed to warn of these harms but actively engaged in a coordinated campaign of deception to conceal and deny this knowledge—all the while continuing to promote their fossil fuel products. *Id.* ¶ 1–15.

Defendants wrongfully removed the action to this Court on October 9, 2020. Dkt. 1. The Parties have agreed to stay motions to dismiss temporarily pending the Court's decision regarding the City's motion to remand, which was filed on November 5, 2020.  Dkt. No. 53, 56, 57. The City is ready to proceed with briefing the remainder of the motion to remand, but Defendants' motion asks the Court to stay that briefing because of *Baltimore*, a pending matter in the United States Supreme Court. The fact that *Baltimore* is pending and will be decided at some unspecified point in the future does not change the fact that this Court will still need to decide the City's motion to remand, regardless of how long it will take the Supreme Court and any potential proceedings that follow. Moreover, as discussed below, that decision will not address Fourth Circuit precedent on

2

the purported bases of subject matter jurisdiction at issue in the instant motion to remand, and thus delaying for *Baltimore* is simply unnecessary.

> **B.    The Mayor and City Council of Baltimore's Case**

In *Baltimore*, the plaintiff Mayor and City Council of Baltimore filed suit against a number of the same defendants named here, asserting claims under Maryland law to recover costs for the climate impacts the defendants knew of and caused in the City of Baltimore. *Mayor & City Council of Baltimore v. BP P.L.C.*, 388 F. Supp. 3d 538, 548 (D. Md. 2019). The defendants in *Baltimore*, like here, wrongfully removed that case. *Id.* and 548–49. The plaintiff filed a motion to remand, and the District of Maryland granted the motion. *Id.*

The defendants appealed and moved to stay the action pending appeal. The district court denied the defendants' motion to stay pending appeal, *Mayor & City Council of Baltimore v. BP P.L.C.*, No. CV ELH-18-2357, 2019 WL 3464667, at *1 (D. Md. July 31, 2019), as did the Fourth Circuit, Joseph P. Griffith in Support of Opposition to Motion to Stay ("Griffith Decl.") Ex. 1. On the merits, the Fourth Circuit ultimately affirmed the district court's order granting remand, *Mayor & City Council of Baltimore v. BP P.L.C.*, 952 F.3d 452 (4th Cir. 2020). The defendants again sought a stay, this time filing an application with the United States Supreme Court to stay the Fourth Circuit's mandate. The Supreme Court denied that application. *BP P.L.C. v. Mayor & City Council of Baltimore*, 140 S. Ct. 449 (2019). Mandate issued on March 30, 2020. Griffith Decl. Ex. 2.

Meanwhile, the defendants filed a petition for writ of certiorari, challenging just one issue in the Fourth Circuit's affirmance of the District of Maryland's remand order: whether an appeal of a remand order brought pursuant to 28 U.S.C. § 1447 (d) is limited to that which § 1447(d) authorizes, or whether an appellate court can review every issue encompassed in a remand order. Griffith Decl. Ex. 3 at I. The question presented in defendants' petition in *Baltimore* is limited to

the scope of review and does not address any of defendants' rejected bases for removal. *Id.* Ex. 3 at I. Thus, Defendants' motion to stay is premised on a falsity—that *Baltimore* could somehow affect this Court's resolution of remand issues here.

## III.    LEGAL STANDARD

The proponent of a stay "bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997). Courts generally consider the following factors when deciding whether to stay legal proceedings: "(1) the potential prejudice to the non-moving party; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the case is in fact stayed." *Brown-Thomas v. Hynie*, No. 1:18-CV-02191-JMC, 2019 WL 1043724, at *3 (D.S.C. Mar. 5, 2019), review denied, No. 1:18-CV-02191-JMC, 2019 WL 2442346 (D.S.C. June 12, 2019). "The party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983). Defendants do not meet this standard.

## IV.    ARGUMENT

### A.    A Stay Would Not Promote Judicial Economy Since the Question Presented in *Baltimore* is Irrelevant Here.

The defendants in *Baltimore* do not challenge the Fourth Circuit's determination that removal based on the federal-officer removal statute, 28 U.S.C. § 1442, was improper. Both their petition for certiorari and merits brief raise only one question for review: "Whether 28 U.S.C. § 1447(d) permits a court of appeals to review any issue encompassed in a district court's order remanding a removed case to state court where the removing defendant premised removal in part on the federal-officer removal statute, 28 U.S.C. § 1442, or the civil rights removal statute, 28

U.S.C. § 1443." Griffith Decl. Ex. 3 at I, Griffith Decl. Ex. 4 at I.[2] Even if the Supreme Court finds

for the *Baltimore* defendants on this issue, that will not resolve the question of whether that case

was properly removed to federal court. Rather, it will merely give the defendants an opportunity to

challenge in the Fourth Circuit the district court's decision dismissing defendants' other grounds

for removal, grounds, which have already been rejected by every court that has considered them,

with the exception of one district court decision that was later reversed.[3] Accordingly, the Supreme

Court's decision in *Baltimore* will provide no guidance as to how this Court should resolve a motion

to remand in this action.

The District of Hawaii recently reached a similar conclusion, in *City & County of Honolulu

v. Sunoco, LP*, Case No. 20-cv-00163-DRW-RT (D. Haw.) ("*Honolulu*"), a similar climate

damages action. The defendants in that case sought a continued stay of proceedings pending

resolution of petitions for certiorari from Ninth Circuit opinions in two similar climate impact cases,

---

[2] In their merits briefing, the *Baltimore* defendants also briefly argue that removal was proper because, according to them, the plaintiff's claims "necessarily arise under federal law." This issue is not properly before, and will not be decided by, the Supreme Court as it is not encompassed in the question presented by the defendants in either their petition for certiorari or their merits briefing. Supreme Court Rule 14.1(a) ("The questions shall be set out on the first page following the cover. . . The statement of any question presented is deemed to comprise every subsidiary question fairly included therein. Only the questions set out in the petition, or fairly included therein, will be considered by the Court.")

[3] *Cty. of San Mateo v. Chevron Corp.*, 294 F. Supp. 3d 934, 937 (N.D. Cal. 2018) ("*San Mateo I*") (granting motion to remand and rejecting all of the defendants' removal bases), *aff'd in part, appeal dismissed in part*, 960 F.3d 586 (9th Cir. 2020) ("*San Mateo II*"), *reh'g en banc denied* (Aug. 4, 2020); *City of Oakland v. BP PLC*, 969 F.3d 895 (9th Cir. 2020) (vacating order denying motion to remand), *opinion amended and superseded on denial of reh'g sub nom.* 969 F.3d 895 (9th Cir. 2020) ("*Oakland*"); *Bd. of Cty. Comm'rs of Boulder Cty. v. Suncor Energy (U.S.A.) Inc.*, 405 F. Supp. 3d 947 (D. Colo. 2019) ("*Boulder I*") (granting motion to remand), *aff'd in part, appeal dismissed in part*, 965 F.3d 792 (10th Cir. 2020) ("*Boulder II*"); *Rhode Island v. Chevron Corp.*, 393 F. Supp. 3d 142 (D.R.I. 2019) (granting motion to remand), *aff'd in part, appeal dismissed in part*, 979 F.3d 50; *Massachusetts v. Exxon Mobil Corp.*, 462 F. Supp. 3d 31 (D. Mass. 2020) (same).

*San Mateo II*, and *Oakland*. As in *Baltimore,* in *San Mateo II* the Ninth Circuit held that removal was improper under the federal officer removal statute, and that it lacked jurisdiction to consider the defendants' other grounds for removal. 960 F.3d 586. In *City of Oakland*, the Ninth Circuit reversed a decision by the district court denying remand, and reversed the district court's conclusion that claims substantially similar to those raised here were "necessarily governed" by federal law. *See generally* 969 F.3d 895. The District of Hawaii found that there was *not* a strong likelihood of acceptance of certiorari or reversal of *San Mateo* or *City of Oakland*, that the defendants would not be irreparably injured absent a stay, and that a further stay of proceedings would substantially injure the plaintiff. Griffith Decl. Ex. 5. On September 9, 2020, the court denied the defendants' motion for reconsideration of the order denying the stay. Griffith Decl. Ex. 6. The sole basis for the request for reconsideration was that the Ninth Circuit had stayed the issuance of the mandate in *San Mateo* and *City of Oakland* pending the resolution of petitions for certiorari in those cases. *Id.* at 2. In denying the request, the court noted that the defendants had "stated the limited guidance this Court should expect from the Ninth Circuit in the [*City of Oakland* and *San Mateo* actions]." *Id.* The Court was ultimately "unpersuaded that the contingent utility of a stay in this case outweighs proceeding in the normal course with, at the very least, Plaintiff's anticipated motion." *Id.* at 3. The defendants did not seek further reconsideration after the Supreme Court granted certiorari in *Baltimore*, likely because that certiorari petition, like the petitions from *San Mateo II* and *City of Oakland*, will not impact the disposition of the remand motion in *Honolulu*. The same conclusion is warranted here.

### B.     A Stay Would Substantially Prejudice the City.

As the City and Charlestonians are acutely aware, one need only step outside the courthouse and attempt to turn down Meeting Street, Queen Street, or any raised downtown curb during high tide—let alone another hurricane for which meteorologists are running out of letters—to know that

6

every day matters when it comes to mitigating the persistent and increasingly damaging effects of climate change. The ocean continues to rise, the City's streets continue to flood, the City's shoreline and beaches continue to erode, and Charlestonians anxiously await and prepare for the next, guaranteed, extreme weather event with the inevitable power outages and the damages they cause.

The City brought this action to help pay the enormous costs associated with recovering from and becoming resilient to the now inevitable and devastating consequences of climate change. A stay will further delay resolution of this action and an award of damages that can be used to mitigate the now unpreventable, worsening impacts from climate change—impacts Defendants foresaw and concealed and have until now thrust on the City and its residents. Defendants' request to stay only delays resolution of this matter and continues to shift the costs for which Defendants are liable onto the City and Charlestonians—costs that grow as the rising sea levels and extreme weather events experienced by the City and its residents increase in frequency and intensity.

The City's case was filed in September 2020, and Defendants concede that the Supreme Court will not render a decision in *Baltimore* until at least June 21, 2021. Mot. at 3. Contrary to Defendants' contentions, an eight-month stay is not at all "brief." It is also far longer than the stays imposed in the cases cited in Defendants' motion. *Mey v. Got Warranty, Inc.*, No. 5:15-CV-101, 2016 WL 1122092, at *3 (N.D.W. Va. Mar. 22, 2016) (March 22, 2016 order staying case until June or July 2016—two or three months), *Divine Fish House, Inc. v. BP, P.L.C.*, No. 2:10-CV-01461, 2010 WL 2802505, at *1 (D.S.C. July 14, 2010) (July 2010 order staying case pending resolution of motion to consolidate cases for Judicial Panel for Multidistrict Litigation, which motion was set to be heard later in the same month); *Litchfield Co., LLC v. BP, P.L.C.*, No. 2:10-CV-01462, 2010 WL 2802498, at *1 (D.S.C. July 14, 2010) (same).  Moreover, eight months is the *minimum* stay that would occur here. If the Supreme Court reverses the Fourth Circuit in *Baltimore*,

7

which is unlikely, and remands for consideration of the other grounds for appeal, presumably there would be new jurisdictional briefing that will take at least another year for the Fourth Circuit to resolve. Defendants' parade of hypotheticals regarding the resolution of *Baltimore* in the Supreme Court contemplates years' worth of delay without offering *any* reason to believe that this Court (and the Fourth Circuit) would disagree with every other judge to have considered the various jurisdictional arguments that have been asserted by Defendants. Unless and until an appeal of this Court's decision on the City's motion to remand, *Baltimore* cannot affect the proceedings here. Defendants' pageant of possibilities is no reason to stay this action and pales in comparison to the additional years of burden the City is facing and will continue to face without efficient resolution of this action.

## C.    Defendants Will Not Suffer Any Hardship if this Matter Proceeds.

Defendants concoct but do not justify "substantial hardship" in an effort to support their stay request. Mot. at 7. Continuing to brief the City's remand motion is not a hardship. Defendants filed the notice of removal, and while the City posits that doing so was frivolous and itself intended to be no more than a delay tactic, briefing remand issues does not amount to the requisite burden Defendants must show to justify a stay—briefing is a routine litigation event.

Defendants theorize that if this Court grants the City's motion to remand, Defendants may be forced to appeal that decision and simultaneously proceed in state court. But proceeding in this manner is not hardship—it is litigation. In fact, this is exactly what occurred in *Baltimore* after the defendants' motion to stay pending appeal and their application to stay the Fourth Circuit's mandate were denied. As is a normal course in cases of this magnitude, Defendants proceeded in Maryland state court and appealed the remand order to the Fourth Circuit and then appealed that decision to the Supreme Court.

Defendants' further "hardship" argument is tenuous at best. They posit that if the ultimate resolution on appeal here is in favor of federal jurisdiction (which (1) is an unlikely result that is years away, (2) is a question not raised in the *Baltimore* Supreme Court petition, and (3) would be inconsistent with every court that has decided these jurisdictional issues in similar climate impact cases), Defendants would have been denied the federal forum for a period of time. *See* Mot. at 8. The District of Maryland rejected a similar argument when it denied the defendants' motion to stay in the *Baltimore* litigation: "[E]ven if the remand is vacated on appeal, interim proceedings in state court may well advance the resolution of the case in federal court. After all, the parties will have to proceed with the filing of responsive pleadings or preliminary motions, regardless of the forum." *Mayor & City Council of Baltimore v. BP P.L.C.*, 2019 WL 3464667, at *6.

Defendants reliance on *Pagliara v. Federal Home Loan Mortgage Corp.*, 2016 WL 2343921 (E.D. Va. May 4, 2016) is misplaced. The plaintiff in *Pagliara* filed two nearly identical actions for inspection of books and records of the defendant while five other similar actions against the defendant were awaiting a transfer decision by the Judicial Panel on Multidistrict Litigation ("JPML"). *Id.* at 1-2. The *Pagliara* court stayed the plaintiff's case until the JPML decided the transfer motion—a minimum of 22 days and a maximum of a few months—so that, inter alia, the defendant would not have to proceed in discovery on the exact same issue in the plaintiff's individual case that would have been transferred to, and resolved in, the MDL. *Id.* at *3. *Pagliara* is irrelevant. As detailed above, the issue raised by the *Baltimore* Supreme Court petition cannot affect this Court's decision on remand. There is simply no duplication of effort that would occur by continuing to brief remand. And Defendants seek a much longer and more prejudicial stay here.

*Ewing Industries Corp. v. Bob Wines Nursery, Inc.*, 2015 WL 12979096 (M.D. Fla. Feb. 5, 2015) is also inapposite. The *Ewing* court stayed resolution of the defendants' motion for summary

judgment on a plaintiff's individual claims while that plaintiff's class action claims were being appealed to the Eleventh Circuit. It was possible that the Eleventh Circuit's decision regarding the class claims could affect the merits of the remainder of the plaintiff's claims. *See id*. at *2. Not so here. Regardless of the disposition of *Baltimore* in the Supreme Court, further briefing on the City's motion to remand must proceed, and this Court will have to decide the motion. Delaying the inevitable only harms the City. Defendants have not shown any burden that justifies staying remand briefing. This case should proceed.

**V.     CONCLUSION**

Granting a stay in this case would delay for at least a year – or more – the City's right to proceed on its purely state law claims in state court, and prevent this Court from deciding threshold jurisdictional issues that all parties in all cases agree should be decided by the district courts in the first instance. For the foregoing reasons, the Court should deny Defendants' motion to stay.

Respectfully submitted,

Dated: December 8, 2020          By:   */s/ Susan J. Herdina*

SUSAN J. HERDINA
Corporation Counsel
STIRLING C. HALVERSEN
DANIEL S. MCQUEENEY, JR.
Assistants Corporation Counsel
**Office of The Corporation Counsel**
**City of Charleston**
50 Broad Street,
Charleston, South Carolina 29401
Email: herdinas@charleston-sc.gov
        halversens@charleston-sc.gov
        mcqueeneyd@charleston-sc.gov

By:   */s/ Joseph P. Griffith, Jr.*

JOSEPH P. GRIFFITH, JR.
**JOE GRIFFITH LAW FIRM, LLC**
946 Johnnie Dodds Blvd.

Mt. Pleasant, South Carolina 29464
Tel: (843) 225-5563
Fax: (843)723-6686
Email: joegriffithjr@hotmail.com

**SHER EDLING LLP**
VICTOR M. SHER (*pro hac vice* submitted)
MATTHEW K. EDLING (*pro hac vice*
submitted)
TIMOTHY R. SLOANE (*pro hac vice*
submitted)
100 Montgomery St., Ste. 1410
San Francisco, CA 94104
Tel: (628) 231-2500
Fax: (628) 231-2929
Email: vic@sheredling.com
        matt@sheredling.com
        tim@sheredling.com

*Attorneys for Plaintiff*
*the City of Charleston*

11