**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| CITY OF CHARLESTON,<br><br>Plaintiff,<br><br>v.<br><br>BRABHAM OIL COMPANY, INC.; COLONIAL GROUP, INC.; ENMARK STATIONS, INC.; COLONIAL PIPELINE COMPANY; PIEDMONT PETROLEUM CORP.; EXXON MOBIL CORPORATION; EXXONMOBIL OIL CORPORATION; ROYAL DUTCH SHELL PLC; SHELL OIL COMPANY; SHELL OIL PRODUCTS COMPANY LLC; CHEVRON CORPORATION; CHEVRON U.S.A. INC.; BP P.L.C.; BP AMERICA INC.; MARATHON PETROLEUM CORPORATION; MARATHON PETROLEUM COMPANY LP; SPEEDWAY LLC; MURPHY OIL CORPORATION; MURPHY OIL USA, INC.; HESS CORPORATION; CONOCOPHILLIPS; CONOCOPHILLIPS COMPANY; PHILLIPS 66; AND PHILLIPS 66 COMPANY,<br><br>Defendants. | Civil Action No. 2:20-cv-03579-RMG |

1

**JOINT STATUS REPORT**[1]

Pursuant to the Court's Order dated July 6, 2022, Dkt. No. 128, the Parties hereby submit this Joint Status Report, which provides: (1) a summary of the proceedings in this action; and (2) the Parties' respective positions on potential next steps.

## I.    History of Proceedings

On September 9, 2020, Plaintiff, the City of Charleston, filed a Complaint against 24 oil and gas companies in South Carolina state court. On October 9, 2020, Defendants removed the action to this Court. Dkt. 1. On February 26, 2021, Plaintiff filed a motion to remand the action to state court (Dkt. 103); Defendants opposed on April 7, 2021 (Dkt. No. 111); and Plaintiff filed its reply on May 7, 2021 (Dkt. No. 116). The Court has not held oral argument or ruled on Plaintiff's motion to remand.

On May 27, 2021, pursuant to a joint stipulation filed by the Parties, proceedings in this case were stayed pending the Fourth Circuit's decision in a substantially similar case, *Mayor & City Council of Baltimore v. BP P.L.C.* ("*Baltimore*"). Dkt. 121. In *Baltimore*, the district court granted remand to state court on June 10, 2019. Defendants appealed and the Fourth Circuit affirmed the district court's decision on March 6, 2020, but held that its appellate jurisdiction was limited to the federal officer removal ground, and therefore did not consider the other removal grounds asserted by Defendants. On May 17, 2021, the Supreme Court vacated the Fourth Circuit's decision, holding that the Fourth Circuit's appellate jurisdiction was not limited to federal officer removal jurisdiction, and remanded the action to the Fourth Circuit for consideration of the

---

[1] This submission does not operate as an admission of any factual allegation or legal conclusion and is submitted subject to and without waiver of any right, defense, affirmative defense, claim, or objection, including lack of subject matter jurisdiction, or lack of personal jurisdiction, insufficient process, or insufficient service of process.

additional grounds for removal raised by Defendants. *BP P.L.C. v. Mayor and City Council of Baltimore*, 141 S. Ct. 1532, at 1543 (2021). On April 7, 2022, the Fourth Circuit affirmed the district court's remand order. 2022 WL 1039685 (4th Cir. Apr. 7, 2022); Dkt. 126 (Joint Submission informing the Court of the Fourth Circuit's decision in *Baltimore*). Defendants in *Baltimore* filed a petition for rehearing *en banc* on May 5, 2022, which was denied on May 17, 2022. Defendants intend to file another petition for a writ of certiorari seeking the United States Supreme Court's review of the Fourth Circuit's decision, which is currently due by August 15, 2022.

As explained in the Parties' April 21, 2022 Joint Statement, the parties have met and conferred and have different positions on what the next steps in this case should be. The Parties' respective positions are provided below.

## II.    Parties' Positions On Next Steps

### A. Plaintiff's Position:

The Fourth Circuit's unanimous decision in *Baltimore* held that Baltimore's case must be remanded to state court because none of the defendants' jurisdictional theories have any merit. The City of Charleston's complaint was removed to this Court nineteen months ago, and no substantive proceedings have occurred in that time. Now that *Baltimore* has been decided, the Court has complete guidance to proceed on Charleston's motion to remand to state court. Defendants have not attempted to show that any of the relevant factors that could support an additional stay pending appeal are satisfied. *See generally Nken v. Holder*, 556 U.S. 418 (2009). In the interests of justice and of the parties, the Court should rule on Charleston's motion to remand without further delay.

The *Baltimore* decision was clear and unequivocal and is in concert with multiple other circuit decisions. The court held that removal was improper under six of the same theories

Defendants asserted in their Notice of Removal here. *See* Dkt. 1 ("NOR"). The court "resoundingly agree[d] with Baltimore and reject[ed] Defendants' attempts to invoke federal common law" as a basis for removal jurisdiction. *Compare Mayor & City Council Baltimore v. BP P.L.C.*, 31 F.4th 178, 199 (4th Cir. 2022) *with* NOR ¶¶ 135–65. It held no substantial federal issue was necessarily raised on the face of the complaint that could create jurisdiction under *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308 (2005). *Compare Baltimore*, 31 F.4th at 208–13 *with* NOR ¶¶ 162–87. It held that Baltimore's claims were not completely preempted by the Clean Air Act or federal common law. *Compare Baltimore*, 31 F.4th at 215–17, *with* NOR ¶¶ 162–87. There was no jurisdiction under the federal enclaves doctrine. *Compare Baltimore*, 31 F.4th at 217–19 *with* NOR ¶¶ 179–98. There was no jurisdiction under the Outer Continental Shelf Lands Act. *Compare Baltimore*, 31 F.4th at 219–22 *with* NOR ¶¶ 30–41. And the court reaffirmed its prior holding that there was no jurisdiction under the federal officer removal statute. *Compare Baltimore*, 31 F.4th at 228–38 *with* NOR ¶¶ 42–161.

These grounds for removal were also recently rejected by the Tenth Circuit in another climate-change related case brought in state court under state law. *See Bd. of Cty. Commissioners of Boulder Cty. v. Suncor Energy (U.S.A.) Inc.*, 25 F.4th 1238 (10th Cir. 2022) ("*Boulder*"). The Ninth Circuit rejected all the same arguments and affirmed remand for the second time in another climate-change related case, *County of San Mateo, et al. v. Chevron Corp., et al.*, No. 18-15499, 2022 WL 1151275 (9th Cir. Apr. 19, 2022), and a third time just last week in *City & County of Honolulu v. Sunoco LP*, No. 21-15313, 2022 WL 2525427 (9th Cir. July 7, 2022). The First Circuit joined the Fourth, Ninth, and Tenth in rejecting identical arguments on May 23, 2022, in *Rhode Island v. Shell Oil Prod. Co.*, 35 F.4th 44 (1st Cir. 2022). The remaining arguments Defendants have raised based on the Class Action Fairness Act and fraudulent joinder, *see* NOR ¶¶ 184–210,

were not at issue in *Baltimore* and will not be implicated by the certiorari petition in that case. These appellate decisions have been joined by a chorus of ten district courts around the country.[2]

*City of New York v. Chevron Corp.*, 993 F.3d 81 (2d Cir. 2021), does not conflict with the Fourth Circuit's decision and does not provide a basis for a further stay. "First and foremost, *City of New York* was in a completely different procedural posture" from *Baltimore*, *Boulder*, *San Mateo*, *Honolulu*, and *Rhode Island*, because that decision considered a motion to dismiss in a case filed in federal court in the first instance; the Second Circuit thus "confined itself to Rule 12(b)(6) and never addressed its own subject-matter jurisdiction." *See Baltimore*, 31 F.4th at 203; *see also id.* ("*City of New York* does not pertain to the issues before us."); *Boulder*, 25 F.4th at 1262 (finding no conflict with *City of New York*); *Rhode Island*, 35 F.4th at 55 (same). Second, *City of New York* explicitly "reconcile[d] its conclusion with the parade of recent opinions holding that state-law claims for public nuisance brought against fossil fuel producers do not arise under federal law" precisely because "[t]he single issue before each of those federal courts was thus whether the defendants' anticipated defenses could singlehandedly create federal-question jurisdiction" as Defendants urge here. *See City of New York*, 993 F.3d at 93–94. The court said of the "fleet of cases" granting remand, "their reasoning does not conflict with our holding." *Id.* at 94. Finally, there is a *de minimis* likelihood the Supreme Court will eventually grant Defendants' petition for

---

[2]  In addition to the district court decisions affirmed in *Baltimore*, *Boulder*, *San Mateo*, *Honolulu*, and *Rhode Island*, motions to remand have been granted in Connecticut, Delaware, Minnesota, Massachusetts, and New Jersey. *See Delaware v. BP Am. Inc.*, No. CV 20-1429-LPS, 2022 WL 58484 (D. Del. Jan. 5, 2022), *appeal pending*, No. 22-1096 (3d Cir.); *City of Hoboken v. Exxon Mobil Corp.*, No. 20-cv-142343-JMV, 2021 WL 4077541 (D.N.J. Sept. 8, 2021), *appeal pending*, No. 21-2728 (3d Cir.); *Connecticut v. Exxon Mobil Corp.*, No. 3:20-CV-1555 (JCH), 2021 WL 2389739 (D. Conn. June 2, 2021), *appeal pending*, No. 21-1446 (2d Cir.); *Minnesota v. Am. Petroleum Inst.*, No. CV 20-1636 (JRT/HB), 2021 WL 1215656 (D. Minn. Mar. 31, 2021), *appeal pending*, No. 21-1752 (8th Cir.); *Massachusetts v. Exxon Mobil Corp.*, 462 F.Supp.3d 31 (D. Mass. 2020).

certiorari based on a supposed conflict between *City of New York* and *Baltimore* regarding federal common law. The Court already denied the defendants' petition for certiorari from the decision in *City of Oakland v. BP PLC*, based on the same supposed circuit split. *City of Oakland v. BP PLC*, 969 F.3d 895 (9th Cir. 2020), *cert. denied sub nom. Chevron Corp. v. City of Oakland, California*, 141 S. Ct. 2776 (2021).

Charleston has now waited more than a year and a half to find a courtroom while meritless appeals go forward in other cases. The appeal that formed the basis for the existing stay is resolved, and there is no reason for additional delay. The Court should lift the existing stay and rule on Charleston's pending Motion to Remand.

**B. Defendants' Position:**

Proceedings before this Court should continue to be stayed pending proceedings before the U.S. Supreme Court in *Baltimore*.  A brief stay pending the ultimate resolution of the federal jurisdiction question—*i.e.*, whether this case should proceed in federal or state court—by the Supreme Court is in the interests of justice and judicial economy and makes practical sense.  If the Supreme Court determines that removal was proper, further proceedings on Plaintiff's motion to remand in this Court will be unnecessary.  At a minimum, further review and a decision from the Supreme Court on these threshold issues will provide important guidance to both the Parties and the Court.  In short, the same logic that justified the current stay continues to apply and the stay should remain in place to preserve the *status quo* and allow the appellate process to reach its conclusion.  As federal district courts have explained in granting stays pending appellate review, the "legal landscape is shifting beneath [our] feet," *City of Annapolis v. BP P.L.C.*, 2021 WL 2000469, at *4 (D. Md. May 19, 2021), and these actions raise "weighty and significant questions that intersect with rapidly evolving areas of legal thought," *Minnesota v. Am. Petroleum Inst.*, 2021

6

WL 3711072, at *2 (D. Minn. Aug. 20, 2021).

Supreme Court review is all the more likely here given the current circuit split among federal courts of appeals on the threshold question of whether federal common law applies to claims, like those asserted here, that seek redress from injuries allegedly caused by global climate change. In a clear and direct conflict with the Fourth Circuit's decision in *Baltimore*, the Second Circuit held that federal common law necessarily governs climate change-related claims like those asserted in this action. This conflict is a factor that is important to Supreme Court review and is amplified by the Fourth Circuit's express language making the conflict plain. The Fourth Circuit stated that it saw "no reason to fashion any federal common law for Defendants," *Baltimore*, 31 F.4th at 202, whereas the Second Circuit unequivocally (and correctly) held that "[s]uch a sprawling case [as this one] is simply beyond the limits of state law" and that these types of climate change-related claims "must be brought under federal common law," *City of New York v. Chevron Corp.*, 993 F.3d 81, 92, 95 (2d Cir. 2021). The Fourth Circuit also held that it "defies logic" to conclude that federal common law would continue to exist after being displaced by the Clean Air Act. *Baltimore*, 31 F.4th at 206. The Second Circuit, however, held that federal common law governed plaintiff's claims—explaining that "state law does not suddenly become presumptively competent to address issues that demand a unified federal standard simply because Congress saw fit to displace a federal court-made standard with a legislative one"—and rejected plaintiff's opposite theory as "too strange to seriously contemplate." *City of New York*, 993 F.3d at 99. Plaintiff's assertion that this conflict vanishes because of the cases' "different procedural posture" makes no sense. The Second Circuit held that climate change-related claims are necessarily and exclusively based on federal common law, whereas the Fourth Circuit held that federal common law is irrelevant because that body of law has been displaced by the Clean Air Act. The circuit split on this issue is important because if

Plaintiff's claims arise exclusively under federal common law, as Defendants argue here, then this Court has federal question jurisdiction and removal is proper. *See* Dkt. No. 111 at 28.

These issues present direct conflicts between the courts of appeals, and the Supreme Court may very well grant review in the *Baltimore* case again to resolve these critical issues. Plaintiff suggests that the Supreme Court is unlikely to grant review because a number of courts are in accord with the Fourth Circuit. But that is exactly what plaintiffs in other climate change-related cases incorrectly predicted when the first certiorari petition was pending in *Baltimore*, where the Fourth Circuit and several other courts of appeals had all held that their appellate jurisdiction was limited to review of the federal officer ground for removal. And not only did the Supreme Court grant certiorari in *Baltimore*, but it reversed in a 7-1 decision. Plaintiffs were wrong then and could very well be wrong again. Plaintiff also mischaracterizes the state of the law at the relevant time in claiming that the Supreme Court decided not to grant certiorari in *City of Oakland v. BP PLC* "based on the same supposed circuit split." Since that time, the First, Fourth, Ninth, and Tenth Circuits have each issued further decisions on these issues that are in tension with one another and clearly reject the Second Circuit's express holding in *City of New York* that federal law necessarily governs suits "seeking to recover damages for the harms caused by greenhouse gas emissions." 993 F.3d at 91. Now that there is an acknowledged conflict among the circuits, Supreme Court review is far likelier than it was at the time of the *City of Oakland* petition.

A key consideration in granting *certiorari* is whether "a United States court of appeals has entered a decision in conflict with the decision of another United States court of appeals on the same important matter." U.S. S. Ct. R. 10(a). The conflict between the Second and Fourth Circuits concerns which law governs claims related to "[g]lobal warming," a "uniquely international problem of national concern." *City of New York*, 993 F.3d at 85. That is a quintessential "question

of exceptional importance" and "important matter" that strongly favors further appellate review. Moreover, *three* more federal circuits are set to rule in the first instance on these same issues soon, increasing the likelihood of more conflicting decisions and, thus, of Supreme Court intervention.[3]

Until such time as the appellate process is complete, this Court will not have "complete guidance," as Plaintiff asserts, on the propriety of removal. Indeed, if the U.S. Supreme Court determines that removal was proper on any of the grounds asserted by defendants in *Baltimore*, there will be no need for further briefing or proceedings on the removal issues here.

Moreover, Plaintiff glosses over the fact that Defendants here have raised additional removal arguments that the Fourth Circuit did not consider in *Baltimore*. *See* Dkt. No. 111. For instance, Defendants have submitted a far more extensive evidentiary record in support of federal officer removal, which demonstrates that Defendants acted under federal officers in performing essential tasks for the federal government. For example, Defendants have shown that they "produce and supply large quantities of highly specialized fuels that are required to conform to exact DOD specifications to meet the unique operational needs of the U.S. military." Dkt. No. 111 at 60. As another example, Defendants argue that there is federal jurisdiction under *Grable* because Plaintiff's claims "necessarily incorporate affirmative federal constitutional elements imposed by the First Amendment." *Id.* at 35. Defendants also argue that this case is "removable on the basis of diversity jurisdiction because none of the properly joined Defendants shares South Carolina citizenship with Plaintiff." *Id.* at 63; Dkt 113. If the Supreme Court concludes that removal was appropriate on any of the grounds asserted in *Baltimore*, this Court would not need to spend time

---

[3]  Three appeals presenting this question of first impression are currently pending in the Third and Eighth Circuits. *See Delaware v. BP Am. Inc.*, No. 22-1096 (3d Cir.); *City of Hoboken v. ExxonMobil Corp.*, No. 21-2728 (3d Cir.); *Minnesota v. Am. Petroleum Inst.*, No. 21-1752 (8th Cir.).

and resources evaluating and ruling on these additional arguments. As a consequence, continuing the stay during the brief period necessary for resolution of Supreme Court proceedings makes good practical sense for both the Court and the parties.[4]

Importantly, "[a] district court has broad discretion to stay proceedings as part of its inherent power to control its own docket." *Annapolis*, 2021 WL 2000469, at *2 (citing *Landis v. North American*, 299 U.S. 248, 254 (1936)). Plaintiff implies that the Court should analyze whether to continue the stay under the standard outlined in *Nken v. Holder*, 556 U.S. 418 (2009), but that standard is inapplicable in this context. "[T]he standard for granting a stay pending appeal differs from the standard for a discretionary stay in other circumstances, which is what defendants seek here. The former resembles the familiar analysis for granting a preliminary injunction . . . [while] the standard applicable here . . . entails consideration of judicial economy and prejudice to both sides." *Id.* at *4.[5]

A brief stay pending the ultimate resolution of the federal jurisdiction question in *Baltimore* by the Supreme Court is in the interests of justice and judicial economy, as this Court previously recognized by staying this case pending the outcome of *Baltimore* in the Fourth Circuit. Moreover, Plaintiff will not be prejudiced by a brief continued stay in a case that is principally based on purported historical harm, rather than prospective harm. At most, a stay would modestly postpone Plaintiff's alleged entitlement to money damages. As the District of Maryland observed in a similar

---

[4]  Notably, two Colorado state courts in similar climate change-related cases recently granted motions to stay pending defendants' now-filed petition for a writ of certiorari to the Supreme Court after the Tenth Circuit affirmed remand. *See* Order, *Bd. of Cnty. Comm'rs of Boulder Cnty. v. Suncor Energy (U.S.A.) Inc., et al.*, No. 2018CV03049, Filing ID 2110BB3949408 (Colo. Dist. Ct. Mar. 25, 2022); *see also* Order, *Bd. of Cnty. Comm'rs of San Miguel Cnty. v. Suncor Energy (U.S.A.) Inc. et al.*, No. 2021CV150, Filing ID 3F398BF58DFEB (Colo. Dist. Ct. Mar. 25, 2022).

[5]  If it would be helpful to the Court, Defendants can file a formal motion to stay, which will more completely show why a further stay is appropriate.

context, "the outcome of this lawsuit cannot turn back the clock on the atmospheric and ecological processes that defendants' activities have allegedly helped set in motion. The urgency of the threat of climate change writ large is distinct from plaintiff's interest in a speedy determination of federal jurisdiction in this suit." *Id.* Therefore, continuing the stay during the brief period necessary for resolution of Supreme Court proceedings is warranted.[6]

Respectfully submitted,

Dated: July 11, 2022

By: */s/ Joel H. Smith*
    Joel H. Smith

**OFFICE OF THE CORPORATION COUNSEL CITY OF CHARLESTON**
WILBUR JOHNSON
Corporation Counsel
JULIA COPELAND
MELISSA CRUTHIRDS
Assistants Corporation Counsel
50 Broad Street,
Charleston, South Carolina 29401
Email: wjohnson@ycrlaw.com
copelandj@charleston-sc.gov
cruthirdsm@charleston-sc.gov

**JOE GRIFFITH LAW FIRM, LLC**
JOSEPH P. GRIFFITH, JR.
946 Johnnie Dodds Blvd.
Mt. Pleasant, SC 29464
Tel: (843) 225-5563
Fax: (843)723-6686
Email: joegriffithjr@hotmail.com

**SHER EDLING LLP**
VICTOR M. SHER (*pro hac vice*)
MATTHEW K. EDLING (*pro hac vice*)
TIMOTHY R. SLOANE (*pro hac vice*)
100 Montgomery St., Ste. 1410

**BOWMAN AND BROOKE LLP**
Joel H. Smith
Joel.Smith@bowmanandbrooke.com
1441 Main Street, Suite 1200
Columbia, SC 29201
Telephone: 803.726.7422
Facsimile: 803/726.7421

**BARNWELL WHALEY PATTERSON AND HELMS LLC**
M. Dawes Cooke, Jr. (Fed ID #288)
211 King Street, Suite 300 (Zip: 29401)
P.O. Drawer H
Charleston, SC 29402
Telephone: 843-577-7700
Facsimile: 843-577-7708
mdc@barnwell-whaley.com

**GIBSON, DUNN & CRUTCHER LLP**
Theodore J. Boutrous, Jr., *pro hac vice*
William E. Thomson, *pro hac vice*
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: 213.229.7000
Facsimile: 213.229.7520
tboutrous@gibsondunn.com

---

[6]  At a minimum, Defendants respectfully submit that the Parties should be afforded the opportunity to file supplemental briefs to address the legal developments that have occurred since briefing on Plaintiff's motion to remand concluded more than one year ago.

San Francisco, CA 94104
Tel: (628) 231-2500
Fax: (628) 231-2929
Email: vic@sheredling.com
matt@sheredling.com
corrie@sheredling.com
tim@sheredling.com

*Attorneys for Plaintiff*
*the City of Charleston*

wthomson@gibsondunn.com

Andrea E. Neuman, *pro hac vice*
200 Park Avenue
New York, NY 10166
Telephone: 212.351.4000
Facsimile: 212.351.4035
aneuman@gibsondunn.com

Thomas G. Hungar, *pro hac vice*
1050 Connecticut Avenue, N.W.,
Washington, DC 20036
Telephone: 202.955.8500
Facsimile: 202.467.0539
thungar@gibsondunn.com

Joshua D. Dick, *pro hac vice*
555 Mission Street
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306
jdick@gibsondunn.com

**SUSMAN GODFREY L.L.P.**
Johnny W. Carter, *pro hac vice*
Erica W. Harris, *pro hac vice*
Ashley L. McMillian, *pro hac vice*
Mary K. Sammons, *pro hac vice*
1000 Louisiana, Suite 5100
Houston, TX 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
eharris@susmangodfrey.com
jcarter@susmangodfrey.com
amcmillian@susmangodfrey.com
ksammons@susmangodfrey.com

Steven M. Shepard, *pro hac vice*
1301 Avenue of the Americas
32nd Floor
New York, NY 10019
212-336-8330
sshepard@susmangodfrey.com
*Attorneys for Defendants*
*Chevron Corp. and Chevron U.S.A. Inc.*

**SMITH ROBINSON**
G. Murrell Smith, Jr.
murrell@smithrobinsonlaw.com
126 N. Main Street
Sumter, SC 29151
Tel: (803) 778-2471
Fax: (803) 778-1643

**HUNTON ANDREWS KURTH LLP**
Shannon S. Broome, *pro hac vice*
SBroome@HuntonAK.com
Ann Marie Mortimer, *pro hac vice*
AMortimer@HuntonAK.com
50 California Street
San Francisco, CA 94111
Tel: (415) 975-3718
Fax: (415) 975-3701

Shawn Patrick Regan, *pro hac vice*
SRegan@HuntonAK.com
200 Park Avenue
New York, NY 10166
Tel: (212) 309-1046
Fax: (212) 309-1100

*Attorneys for Defendants Marathon Petroleum
Corporation, Marathon Petroleum Company LP,
and Speedway LLC*

**BAKER BOTTS L.L.P.**
J. Scott Janoe, *pro hac vice*
910 Louisiana Street, Suite 3200
Houston, Texas 77002-4995
Telephone: (713) 229-1553
Facsimile: (713) 229-7953
Email: scott.janoe@bakerbotts.com

Megan Berge, *pro hac vice*
700 K Street, N.W.
Washington, D.C. 20001-5692
Telephone: (202) 639-1308
Facsimile: (202) 639-1171
Email: megan.berge@bakerbotts.com

13

**PARKER POE ADAMS & BERNSTEIN LLP**
Robert Jordan
200 Meeting Street, Suite 301
Charleston, SC 29401-3156
Telephone: (843) 727-2670
Facsimile: (843) 727-2680
Email: robertjordan@parkerpoe.com

*Attorneys for Defendant HESS CORP.*

**BAKER BOTTS L.L.P.**
J. Scott Janoe, *pro hac vice*
910 Louisiana Street, Suite 3200
Houston, Texas 77002-4995
Telephone: (713) 229-1553
Facsimile: (713) 229-7953
Email: scott.janoe@bakerbotts.com

Megan Berge, *pro hac vice*
700 K Street, N.W.
Washington, D.C. 20001-5692
Telephone: (202) 639-1308
Facsimile: (202) 639-1171
Email: megan.berge@bakerbotts.com

**PARKER POE ADAMS & BERNSTEIN LLP**
Robert Jordan
200 Meeting Street, Suite 301
Charleston, SC 29401-3156
Telephone: (843) 727-2670
Facsimile: (843) 727-2680
Email: robertjordan@parkerpoe.com

*Attorneys for Defendant MURPHY OIL
CORPORATION*

**HOOD LAW FIRM, LLC**
Molly H. Craig (6671)
Robert H. Hood, Jr. (6998)
Virginia R. Floyd (12212)
172 Meeting Street
Post Office Box 1508
Charleston, SC  29402
Phone: (843) 577-4435

Facsimile: (843) 722-1630
molly.craig@hoodlaw.com
bobbyjr.hood@hoodlaw.com
virginia.floyd@hoodlaw.com

**PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP**
Theodore V. Wells, Jr., *pro hac vice*
Daniel J. Toal, *pro hac vice*
Yahonnes Cleary, *pro hac vice*
Caitlin E. Grusauskas, *pro hac vice*
1285 Avenue of the Americas
New York, NY 10019-6064
Tel.:  (212) 373-3000
Fax:  (212) 757-3990
twells@paulweiss.com
dtoal@paulweiss.com
ycleary@paulweiss.com
cgrusauskas@paulweiss.com

*Counsel for Defendants*
*Exxon Mobil Corporation and ExxonMobil Oil*
*Corporation*

**DUFFY & YOUNG, LLC**
Brian C. Duffy, Esq. (Fed. ID # 9491)
Patrick C. Wooten, Esq. (Fed. ID #10399)
96 Broad Street
Charleston, SC 29401
bduffy@duffyandyoung.com
pwooten@duffyandyoung.com

*Attorneys for Defendant Piedmont Petroleum*
*Corp.*

**GALLIVAN, WHITE & BOYD, P.A.**
John T. Lay, Jr. (Fed. Bar No. 5539)
Lindsay A. Joyner (Fed. Bar No. 11557)
1201 Main Street, Suite 1200
Post Office Box 7368
Columbia, South Carolina 29202
(803) 779-1833
(803) 779-1767 (f)
jlay@gwblawfirm.com

ljoyner@GWBlawfirm.com

*Attorneys for Colonial Group, Inc. and Enmark Stations, Inc.*

**NELSON MULLINS RILEY & SCARBOROUGH LLP**
Merritt G. Abney
151 Meeting Street, Suite 600
Charleston, SC 29401
Tel: (843) 534-4110
Fax: (843) 722-8700
merritt.abney@nelsonmullins.com

Amber M. Hendrick
1320 Main Street, 17th Floor
Columbia, SC 29201
Tel: (803) 255-9582
Fax: (803) 256-7500
amber.hendrick@nelsonmullins.com

**ARNOLD & PORTER KAYE SCHOLER LLP**
Nancy G. Milburn, *pro hac vice*
Diana E. Reiter, *pro hac vice*
250 West 55th Street
New York, NY 10019-9710
Tel: (212) 836-8383
Fax: (212) 836-8689
nancy.milburn@arnoldporter.com
diana.reiter@arnoldporter.com

Matthew T. Heartney, *pro hac vice*
John D. Lombardo, *pro hac vice*
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
Tel: (213) 243-4120
Fax: (213) 243-4199
matthew.heartney@arnoldporter.com
john.lombardo@arnoldporter.com

Jonathan W. Hughes, *pro hac vice*
3 Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
Tel: (415) 471-3156
Fax: (415) 471-3400

jonathan.hughes@arnoldporter.com

*Attorneys for Defendants*
*BP plc and BP America Inc.*

**WYCHE, P.A.**
Alice W. Parham Casey (D.S.C. Id No. 9431)
807 Gervais Street, Suite 301
Columbia, SC 29201
Telephone: 803-254-6542
Facsimile: 803-254-6544
tcasey@wyche.com

Meliah Bowers Jefferson (D.S.C. Id No. 10018)
Rachael L. Anna (D.S.C. Id No. 12591)
200 East Camperdown Way
Greenville, SC 29601
Telephone: 864-242-8200
Facsimile:  864-235-8900
mjefferson@wyche.com
ranna@wyche.com

**LATHAM & WATKINS LLP**
Steven M. Bauer, *pro hac vice*
Margaret A. Tough, *pro hac vice*
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Tel: (415) 391-0600
Fax: (415) 395-8095
Steven.Bauer@lw.com
Margaret.Tough@lw.com

*Attorneys for Defendants Phillips 66 and Phillips*
*66 Company*

**WYCHE, P.A.**
Alice W. Parham Casey (D.S.C. Id No. 9431)
807 Gervais Street, Suite 301
Columbia, SC 29201
Telephone: 803-254-6542
Facsimile: 803-254-6544
tcasey@wyche.com

Meliah Bowers Jefferson (D.S.C. Id No. 10018)

17

Rachael L. Anna (D.S.C. Id No. 12591)
200 East Camperdown Way
Greenville, SC 29601
Telephone: 864-242-8200
Facsimile:  864-235-8900
mjefferson@wyche.com
ranna@wyche.com

**BARTLIT BECK LLP**
Jameson R. Jones, *pro hac vice*
Daniel R. Brody, *pro hac vice*
1801 Wewatta Street, Suite 1200
Denver, CO 80202
(303) 592-3123
jameson.jones@bartlit-beck.com
dan.brody@bartlit-beck.com

**LATHAM & WATKINS LLP**
Steven M. Bauer, *pro hac vice*
Margaret A. Tough, *pro hac vice*
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Tel: (415) 391-0600
Fax: (415) 395-8095
Steven.Bauer@lw.com
Margaret.Tough@lw.com

*Attorneys for Defendants ConocoPhillips, and
ConocoPhillips Company*


**QUINN EMANUEL URQUHART &
SULLIVAN, LLP**
William A. Burck*
1300 I Street NW, Suite 900
Washington, D.C. 20005
(202) 538-8000
williamburck@quinnemanuel.com

Stephen A. Swedlow*
191 North Wacker Drive, Suite 2700
Chicago, IL 60606
(312) 705-7400
stephenswedlow@quinnemanuel.com
**Pro hac vice* forthcoming
*Attorneys for Defendant Colonial Pipeline*

*Company*

**K&L GATES LLP**
Jennifer H. Thiem (Fed. ID No. 9797)
Email:  jennifer.thiem@klgates.com
134 Meeting Street, Suite 500
Charleston, SC 29401
Phone:  (843) 579-5638
Fax:  (843) 579-5601

**KELLOGG, HANSEN, TODD,
FIGEL & FREDERICK, P.L.L.C.**
David C. Frederick, *pro hac vice*
Grace W. Knofczynski, *pro hac vice*
Daniel S. Severson, *pro hac vice*
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Phone: (202) 326-7900
dfrederick@kellogghansen.com
gknofczynski@kellogghansen.com
dseverson@kellogghansen.com

*Attorneys for Defendants Shell plc (f/k/a Royal Dutch Shell plc), Shell USA, Inc. (f/k/a Shell Oil Company), and Shell Oil Products Company LLC*

**ROBINSON GRAY STEPP & LAFFITTE, LLC**
J. Calhoun Watson
Fed. I.D. No.: 4794
cwatson@robinsongray.com
1310 Gadsden Street
Post Office Box 11449
Columbia, South Carolina 29211
Telephone (803) 929-1400

*Attorneys for Defendant Brabham Oil Company, Inc.*

**SHOOK, HARDY & BACON L.L.P.**
Tristan L. Duncan, *pro hac vice*
Daniel B. Rogers, *pro hac vice*

19

Caroline M. Gieser
SC Federal Bar ID #12627; SC Bar no. 102718
2555 Grand Blvd.
Kansas City, MO 64108
Phone:  (816) 474-6550
Email:  tlduncan@shb.com
Email:  drogers@shb.com
Email:  cgieser@shb.com

*Attorneys for Defendant*
*Murphy Oil USA, Inc.*