**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| CITY OF CHARLESTON,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>BRABHAM OIL COMPANY, INC.; COLONIAL GROUP, INC.; ENMARK STATIONS, INC.; COLONIAL PIPELINE COMPANY; PIEDMONT PETROLEUM CORP.; EXXON MOBIL CORPORATION; EXXONMOBIL OIL CORPORATION; ROYAL DUTCH SHELL PLC; SHELL OIL COMPANY; SHELL OIL PRODUCTS COMPANY LLC; CHEVRON CORPORATION; CHEVRON U.S.A. INC.; BP P.L.C.; BP AMERICA INC.; MARATHON PETROLEUM CORPORATION; MARATHON PETROLEUM COMPANY LP; SPEEDWAY LLC; MURPHY OIL CORPORATION; MURPHY OIL USA, INC.; HESS CORPORATION; CONOCOPHILLIPS; CONOCOPHILLIPS COMPANY; PHILLIPS 66; AND PHILLIPS 66 COMPANY,<br><br>　　　　　Defendants. | C/A No. **2:20-cv-03579-RMG** |

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff the City of Charleston hereby notifies the Court of supplemental authority relevant to its Motion to Remand. (Dkts. 103 and 139). Charleston provides a copy of the Amicus Brief of the United States of America, submitted in response to the Supreme Court's request, concerning the petition pending in *Suncor Energy (U.S.A.) Inc. et al. v. Board of County Commissioners of Boulder County et al.*, No. 21-1550 ("*Boulder*") (**Ex. A**). Charleston also provides a copy of the Eighth Circuit Court of Appeals' recent decision in *Minnesota v. American Petroleum Institute*, No. 21-1752, __ F.4th__, 2023 WL 2607545 (8th Cir. Mar. 23, 2023) ("*Minnesota*") (**Ex. B**). Both *Boulder* and *Minnesota* involve claims against fossil fuel entities that are materially similar to Charleston's claims here, and both address removal arguments identical to those pending before the Court.

Defendants' briefing has noted that the Supreme Court called for the views of the Solicitor General concerning the petition for certiorari pending in *Boulder*, a "nearly identical case" to Charleston's. *See* Defendants' Supplemental Answering Brief in Opposition to Plaintiff's Renewed Motion to Remand, at 35 (Dkt. 141). The Solicitor General responded on March 16, 2023, stating that "[i]n the view of the United States, the petition for a writ of certiorari should be denied." Ex. A at 1. The United States' brief confirms that state-law claims materially similar to Charleston's cannot be "recharacterized as claims arising under federal common law" because "the Clean Air Act has displaced any relevant federal common law in this area, and no exception to the well-pleaded complaint rule applies." *Id*. at 6. The brief explains that the *Boulder* plaintiffs' state-law claims do not satisfy the well-pleaded complaint rule because "no federal issue is 'embedded' within respondents' own articulation of their claims," *id*. at 10, and no exception applies because neither the Clean Air Act nor the federal common law it displaced completely preempt state law, *id*. at 11–13. The Clean Air Act's "displacement of any relevant federal common law" in turn

1

"forecloses" the petitioners' theory that federal common law "'necessarily and exclusively govern[s]' respondents' claims." *Id*. at 12.

The United States' brief acknowledges its previous amicus position in *BP p.l.c. v. Mayor & City Council of Baltimore*, 141 S. Ct. 1532 (2021), which argued that state law claims involving climate change "may well" arise under federal law for jurisdictional purposes, but expressly affirms that because "five courts of appeals that have considered the issue have rejected the position that the government took in *BP*, . . . the United States has reexamined its position and has concluded that state-law claims like those pleaded here should not be recharacterized as claims arising under federal common law." *Id*. at 7.

The Eighth Circuit's opinion in *Minnesota* adds to the unanimous appellate authority holding that claims like Charleston's are not removable to federal court. In *Minnesota*, the State of Minnesota brought claims against several fossil fuel entities "in state court for common law fraud and violations of Minnesota's consumer protection statutes." Ex. B, at *1. The defendants removed (raising nearly identical bases for federal jurisdiction as asserted here), the district court granted the State's motion to remand, and the defendants appealed. *Id*. The Eighth Circuit affirmed, noting that it was not "the first time that the [defendants], or their oil-producing peers, have made these jurisdictional arguments," and that the court's "sister circuits rejected them in each case." *Id*. The Eighth Circuit affirmed remand, stating of the other circuits, "[t]oday, we join them." *Id*.

Respectfully submitted,

Dated: April 6, 2023    By: /s/ Wilbur Johnson
                                Wilbur Johnson

**OFFICE OF THE CORPORATION COUNSEL**
**CITY OF CHARLESTON**
WILBUR JOHNSON
  Corporation Counsel
JULIA COPELAND

2

MELISSA CRUTHIRDS
  Assistants Corporation Counsel
50 Broad Street,
Charleston, South Carolina 29401
Email: wjohnson@ycrlaw.com
        copelandj@charleston-sc.gov
        cruthirdsm@charleston-sc.gov

By:   */s/ Joseph P. Griffith, Jr.*
JOSEPH P. GRIFFITH, JR.
JOE GRIFFITH LAW FIRM, LLC
946 Johnnie Dodds Blvd.
Mt. Pleasant, South Carolina 29464
Tel: (843) 225-5563
Fax: (843)723-6686
Email: joegriffithjr@hotmail.com


**SHER EDLING LLP**
VICTOR M. SHER (*pro hac vice*)
MATTHEW K. EDLING (*pro hac vice*)
100 Montgomery St., Ste. 1410
San Francisco, CA 94104
Tel: (628) 231-2500
Fax: (628) 231-2929
Email: vic@sheredling.com
        matt@sheredling.com


*Attorneys for Plaintiff the City of Charleston*

3