**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| City of Charleston, | Case No. 2:20-cv-03579 |
| Plaintiff, | |
| v. | |
| | **ORDER AND OPINION** |
| Brabham Oil Company, Inc.; Colonial Group, Inc.; Enmark Stations, Inc.; Colonial Pipeline Company; Piedmont Petroleum Corp.; Exxon Mobil Corporation; Exxonmobil Oil Corporation; Royal Dutch Shell PLC; Shell Oil Company; Shell Oil Products Company LLC; Chevron Corporation; Chevron U.S.A. Inc.; BP P.L.C.; BP America Inc.; Marathon Petroleum Corporation; Marathon Petroleum Company LP; Speedway LLC; Murphy Oil Corporation; Murphy Oil USA, Inc.; Hess Corporation; ConocoPhillips; ConocoPhillips Company, Phillips 66; and Phillips 66 Company, | |
| Defendants. | |

This matter is before the Court on Defendants' Emergency Motion to Stay Execution of Remand Order Pending Appeal. (Dkt. No. 155). For the reasons set forth below, the Court denies Defendants' motion.

## I.    Background

Plaintiff filed this case against oil and gas companies in the Court of Common Pleas for Charleston County. (Dkt. No. 1-2). The complaint seeks damages, equitable relief, and civil penalties under state common law and South Carolina Unfair Trade Practices Act for Defendants allegedly concealing climate-related harms caused by fossil fuels. (*Id.*, ¶¶ 153-218).

1

Defendants removed the case to this Court, (Dkt. No. 1), and Plaintiff filed a motion to remand to state court (Dkt. No. 139). The Court granted Plaintiff's motion to remand. (Dkt. No. 154). Defendants now move to stay the execution of the Court's remand order to allow Defendants time to file a formal motion to stay the remand pending appeal. (Dkt. No. 155 at 1).

## II.     Standard

"A stay is considered 'extraordinary relief' for which the moving party bears a 'heavy burden.'" *Larios v. Cox*, 305 F. Supp. 2d 1335, 1336 (N.D. Ga. 2004) (quoting *Winston-Salem/Forsyth Cty. Bd. Of Educ. v. Scott*, 404 U.S. 1221, 1231 (1971)). When evaluating a motion to stay pending appeal, courts consider four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay, (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009). However, "[s]ince the traditional stay factors contemplated individualized judgments in each case, the formula cannot be reduced to a set of rigid rules." *Hilton v. Braunskill*, 481 U.S. 770, 777 (1987).

## III.     Discussion

Upon review of Defendants' motion, the record, and the dockets of similar cases around the country, the Court finds that there is no basis to stay the execution of the remand order.

First, Defendants "track record across the country fails to prove a likelihood of success on the merits sufficient to warrant a stay." *Annapolis v. BP P.L.C.*, No. 21-cv-00772, 2022 WL 4548226, at *4 (D. Md. Sept. 29, 2022); *accord Honolulu v. Sunoco LP*, No. 20-cv-00163, 2021 WL 839439, at * 2 (D. Haw. Mar. 5, 2021) (denying the defendants' motion to stay a remand order and noting that, "of all the cases involving subject matter similar to that here, Defendants have

2

achieved one, fleeting success on the issue of removal . . . . Even that success, though, has now

been overturned . . . . A batting average of .000 does not suggest a substantial case exists."). As

the Court noted in its Remand Order, the Fourth Circuit's opinion in *Baltimore v. BP P.L.C.*, 31

F.4th 178 (4th Cir. 2022), *cert. denied*, ___S.Ct.___, 2023 WL 2046224 (April 24, 2023),

foreclosed all but three of Defendants jurisdictional arguments in this case. (Dkt. No. 154 at 5).

And two of Defendants' additional arguments, an expanded record for federal officer removal and

a First Amendment *Grable* argument, have also been rejected by other courts. *See Annapolis v. BP

P.L.C.*, No. 21-cv-00772, 2022 WL 4548226 (D.Md. Sept. 29, 2022); *Hoboken v. Exxon Mobil

Corp.*, 558 F.Supp.3d 191 (D.N.J.), *aff'd sub nom. Hoboken v. Chevron Corp.*, 45 F.4th 699 (3d

Cir. 2022). Defendants' third additional argument, fraudulent joinder, has not been addressed by

another court, but the Court declines to find a likelihood of success for that argument based on its

original review of Defendants' briefing when deciding Plaintiff's motion to remand.

Second, there is no irreparable injury to Defendants. Defendants point to the risk of

"substantial amount of unnecessary and ultimately futile litigation" if the Clerk of Court were to

transmit the remand order to state court before the Fourth Circuit hears their appeal. (Dkt. No. 155

at 2). This argument fails because "mere injuries, however substantial, in terms of money, time

and energy necessarily expended in the absence of a stay, are not enough." *Long v. Robinson*, 432

F.2d 977, 980 (4th Cir. 1970). Additionally, Defendants litigation related harm would be

"speculative" because Defendants' "appeal would only be rendered moot in the unlikely event that

a final judgement is reached in the state court before the resolution of their appeal." *Baltimore v.

BP P.L.C.*, No. 18-cv-2357, 2019 WL 3464667, at *5 (D. Md. July 31, 2029).

To support their argument, Defendants also cited several climate change cases where the

remand order was stayed pending appeal. These courts, however, stayed their remand order before

3

the Supreme Court denied *certiorari* in *Baltimore* or before the circuit court in which the district court sits had issued an opinion in a related climate change case. *See Minnesota v. Am. Petroleum Inst.,* No. 20- 01636 (D. Minn. Apr. 7, 2021), Dkt. No. 86; *Connecticut v. Exxon Mobil Corp.*, No. 21-1446 (2d Cir. Oct. 5, 2021), Dkt. No. 80; *Delaware v. BP America, Inc*., et al., No. 20-cv-1429 (D. Del. Feb. 8, 2022), Dkt. No. 134; *Oakland v. BP P.L.C.*, No. 17-06011, 2022 WL 14151421, (N.D. Cal. Oct. 24, 2022); *Annapolis v. BP P.L.C.*, No. 21-cv-00772, 2022 WL 15523629, at *5 (D. Md. Oct. 27, 2022). Some of these cases have been remanded to state court already. For example, after the Third Circuit issued its opinion in *Hoboken*, the District of Delaware remanded *Delaware* to state court. *Delaware v. BP America, Inc.*, No. 20-cv-1429 (D. Del. Oct. 19, 2022), Dkt. No. 145. And after the Supreme Court denied *certiorari* in *Baltimore*, the District of Maryland remanded *Annapolis* to state court. *Annapolis v. BP P.L.C.*, No. 21-cv-00772, (D. Md. May 17, 2023), Dkt No. 190. In light of the Fourth Circuit's decision in *Baltimore* and the Supreme Court's denial of *certiorari*, the Court sees no reason to depart from the District of Maryland's decision to remand the case to state court. Further, the fact that other climate change cases have been remanded suggests that the Defendants will suffer less harm because much of the litigation will be duplicative across the cases.

Third, Plaintiff would be injured if the Court stayed execution of the Remand Order because it would "further delay reaching the merits of the case and further risk losing discoverable evidence." *Annapolis*, 2022 WL 4548226 at *4. This case was filed in 2020 and through various appeals and stays has not even reached the answer stage of litigation.[1]

---

[1] The court notes that Defendants have requested a stay in this case on three separate occasions and finds a timeline of events instructive. On June 10, 2019, Judge Hollander granted the plaintiffs' motion to remand in *Baltimore v. BP P.L.C.*, 388 F.Supp.3d 538, 574 (D. Md. 2019). On March 6, 2020, the Fourth Circuit affirmed Judge Hollander's remand order, addressing only

4

Fourth, public interest supports denial of the stay. "This Court does not believe the public interest is served by further prolonging the consideration of the actual merits and believes there is substantial public interest in moving these cases towards disposition." *Annapolis*, 2022 WL 4548226, at *5.

Accordingly, a stay is unwarranted.

**IV.    Conclusion**

For the reasons stated above, the Court **DENIES** Defendants' Motion to Stay Execution of the Remand Order (Dkt. No. 154). Nonetheless, the Court grants a temporary 15-day stay of execution of its remand order for the narrow purpose of ensuring Defendants have the opportunity, if they so desire, to seek an emergency stay in the Fourth Circuit.

---

the federal officer question and finding that there was no right of appeal on other remand grounds. *Baltimore v. BP P.L.C.*, 952 F.3d 452, 459 (4th Cir. 2020). Several months later, on September 9, 2020, the Plaintiffs filed this case in the Charleston County Court of Common Pleas. (Dkt. No. 1-2). Just before the 30-day deadline to remove, on October 9, 2020, Defendants removed this case to this Court. On November 5, 2020, Plaintiffs filed a motion to remand. (Dkt. No. 56). A few days later, on November 13, 2020, Defendants requested a stay from this Court "at least until the Supreme Court has issued a decision" in *Baltimore*. (Dkt. No. 59). On May, 17 2021, the Supreme Court remanded *Baltimore* to the Fourth Circuit, directing the Fourth Circuit to address all objections to remand, not just the federal officer question. *BP P.L.C. v. Baltimore*, ___ U.S. ___, 141 S. Ct. 1532 (2021). This Court stayed further proceedings in this case pending the Fourth Circuit's decision following the Supreme Court remand. (Dkt. No. 121). On April 7, 2022, the Fourth Circuit addressed all objection to remand in *Baltimore* and again affirmed Judge Hollander's remand order. *Baltimore v. BP P.L.C.*, 31 F.4th 178, 238 (4th Cir. 2022). After the Fourth Circuit's decision, Defendants requested this case continue to be stayed. (Dkt. No. 120 at 5). This Court declined to take Defendants' position and lifted the stay on August 22, 2022. (Dkt. No. 134).  The Supreme Court eventually denied *certiorari* in *Baltimore* on April 24, 2023. This Court entered its order granting Plaintiff's motion to remand on July 5, 2023. (Dkt. No. 154). On that same day, Defendants requested for the third time a stay in this case to allow Defendants to appeal this Court's Remand Order. (Dkt. No. 154).

5

_s/Richard M. Gergel_____
Richard Mark Gergel
United States District Judge

July 6, 2023
Charleston, South Carolina